IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IBERIABANK, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION 1:16-00187-KD-N |
| ) | |
| ROD COOKE CONSTRUCTION, INC., *et al.*,) | |
|    Defendant. ) | |

**ORDER**

This matter is before the Court on Plaintiff IberiaBank (Plaintiff)'s Motion to Condemn (and Disburse) Funds. (Doc. 37).

On May 3, 2016, Plaintiff initiated this action against Defendants Rod Cooke Construction, Inc. and Rodney W. Cooke, Sr (Defendants) for breach of a promissory note against the construction company and breach of a guaranty against Mr. Cooke based on Defendants' default. (Doc. 1). Defendants were served with the Complaint on May 5, 2016. (Docs. 6, 7). On June 30, 2016, Plaintiff filed an application for a Clerk's entry of default, which was issued by the Clerk of Court on July 1, 2016. (Docs. 9, 10). On July 25, 2016, Plaintiff filed a motion for entry of default judgment against the defendants (Doc. 11), which was granted on August 1, 2016 (Docs. 12, 13). On August 1, 2016, a certificate of judgment was entered in this case in favor of Plaintiff and against Defendants in the amount of $228,588.47, with post judgment interest at the legal rate of .53% per annum. (Doc. 22 at 7-8). However, Plaintiff presently assert that the current amount of the judgment, as reduced, is **$60,305.49.** (Doc. 37; Doc. 27 at 2 (Aff. K.Reid)).

On June 15, 2018, Plaintiff filed an Affidavit of Garnishment. (Doc. 22). On June 20, 2018, the Court issued writs of garnishment to E.J. Saad Law Firm and the law firm of Cunningham Bounds, LLC, as garnishees, with Notices to Defendants of Garnishment. (Docs. 25-28). The

writs were served on garnishee E.J. Saad Law Firm and garnishee Cunningham Bounds, LLC on July 17, 2018. (Docs. 31, 32). On July 20, 2018, Garnishee E.J. Saad Law Firm filed its answer stating that it is indebted to the Defendants in the amount of $60,305.49. (Doc. 34). On this same day, Garnishee E.J. Saad Law Firm paid these funds into Court, and the Clerk of Court noted receipt in the amount of $60,305.49. (Doc. 35). On July 23, 2018, Garnishee Cunningham Bounds, LLC answered that it is not indebted to Defendants. (Doc. 36). On July 24, 2018, Plaintiff filed the present motion for condemnation and disbursement. (Doc. 37). On July 31, 2018, Plaintiff filed a Notice of Service of the garnishment filings (Docs. 22, 25-28, 31-34, 36-37), stating it had served same on Defendants via U.S. mail. (Doc. 38). Plaintiff now seeks to have the garnished funds currently held by the Clerk of Court -- **$60,305.49** -- released to Plaintiff "in satisfaction of the judgment previously entered against defendants by this Court." (Doc. 37 at 2).

Pursuant to Ala. Code § 6-6-456, if a garnishee, such as E.J. Saad Law Firm, admits possession of property of the defendant, then a judgment of condemnation must be entered against such property after entry of judgment in favor of the plaintiff in the original action:

> If the garnishee admits the possession of effects of the defendant, the subject of levy and sale under legal process, judgment of condemnation must be entered that such effects be delivered upon demand after the entry of judgment in favor of the plaintiff in the original action, or so much thereof as may be necessary to satisfy the judgment, and the sheriff must make sale thereof. If the garnishee fails to deliver such effects to the sheriff on demand, he must make return thereof to the clerk, who must thereupon issue an execution against the garnishee in favor of the plaintiff for the amount of the judgment and costs. If, however, such failure is without fault or negligence on the part of the garnishee, he may tender to the plaintiff, his agent, or attorney the value of such effects; and, if such tender is refused, he may obtain relief by supersedeas.

Additionally, S.D.Ala. LR 67 governs funds deposited with the Court and specifies in Rule 67(c), that "[p]ayments received on garnishments will be deposited into the Court's general deposit fund." Additionally, Rule 67(e) provides for disbursement, in relevant part, as follows:

2

(e) Disbursement of Funds. Funds deposited by the Clerk in accordance with this Rule will be disbursed only with prior order signed by a Judge of this Court. Funds will not be disbursed until counsel has furnished to the Clerk, in writing, the social security number or tax identification number of any and all recipients of more than ten dollars ($10.00) of the interest accrued….

It is **ORDERED** that on or before **August 8, 2018**: 1) any Opposition to Plaintiff's motion (Doc. 37) shall be filed; and 2) Plaintiff shall file a Notice providing its federal tax identification number and requested manner and mode of payment.  Upon receipt of Plaintiff's Notice, and if no Opposition is filed, then it is **ORDERED** that Plaintiff's motion (Doc. 37) is **GRANTED** on **August 9, 2018**, without further order of the Court and the funds paid into the Court by Garnishee E.J. Saad law firm, held in the Registry of the Court, shall be deemed **CONDEMNED** and **DISBURSED** in full and final satisfaction of the judgment entered against Defendants, via the Clerk's **$60,305.49** payment to Plaintiff IberiaBank.

**DONE** and **ORDERED** this the **1st** day of **August, 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**